## COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983

Name    RUCHELL CINQUE MAGEE
_____
(Last)                    (First)                    (Initial)

Prisoner Number    A92051
_____

Institutional Address    Box 3461, CSP- Corcoran, CA  93212
_____

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

RUCHELL CINQUE MAGEE
_____
(Enter the full name of plaintiff in this action.)

vs.

Peter Flores, JR.,
_____

Thelton, Henderson, judge;
_____

Board Of Prison Parole
_____

(Enter the full name of the defendant(s) in this action.)

**CV 08 3445**

Case No. _____
(To be provided by the Clerk of Court)

**COMPLAINT UNDER THE CIVIL RIGHTS ACT, Title 42 U.S.C § 1983**

TO: JUDGE VAUGHN R. WALKER

**E-filing**    (PR)

*[All questions on this complaint form must be answered in order for your action to proceed..]*

I.    Exhaustion of Administrative Remedies.

[**Note:** You must exhaust your administrative remedies before your claim can go forward.  The court will dismiss any unexhausted claims.]

A.    Place of present confinement    California State Prison-Corcoran

B.    Is there a grievance procedure in this institution?

YES ( x )        NO ( x )

C.    Did you present the facts in your complaint for review through the grievance procedure?

YES ( )        NO ( x )

D.    If your answer is YES, list the appeal number and the date and result of the appeal at each level of review.  If you did not pursue a certain level of appeal, explain why.

COMPLAINT                                    - 1 -

1. Informal appeal _____ N/A _____

_____

_____

2. First formal level_____ N/A _____

_____

_____

3. Second formal level_____

_____

_____

4. Third formal level _____

_____

_____

E.   Is the last level to which you appealed the highest level of appeal available to you?              N/A

     YES ( )     NO ( )

F.   If you did not present your claim for review through the grievance procedure, explain why._____ This claim involves jury acquittal - habeas corpus ____

under attack by corrupted judges- lawyers and Board of Parole

acting without jurisdiction  obstruct habeas corpus  hearing

II.   Parties.

A.   Write your name and your present address.  Do the same for additional plaintiffs, if any.

Ruchell Cinque Magee -

    Box 3461, CSP  # A92051,

    Corcoran, CA  93212

B.   Write the full name of each defendant, his or her official position, and his or her place of employment.

Peter Flores, Jr., deputy atty. gen.. San FRancisco, Ca.

COMPLAINT                          - 2 -

Thelton E. Henderson, judge, U.S. Northern District Court,
San Francisco, CA . Commission, Doe One

Board Of Parole, Sacramento, California.

III.    Statement of Claim.

State here as briefly as possible the facts of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you have more than one claim, each claim should be set forth in a separate numbered paragraph.

On April 30, 2008, Peter Flores, Jr., joined by Thelton E. Henderson, judge and the California Prison Parole Board

filed arbitrary - false and outrageous documents with the

parole Board at Corcoran Prison, which documents label the

plaintiff threat to the public, if every released from prison.

Included with the false information, are photoes of the

four persons killed by San Quentin prison guards August 7, 1970
in Marin County.

Defendants, and each of them, act under color of California

state Law or authority,  except defendant Henderson who act

under color of federal law, at all times mentioned herein.

( paper  attached .)

IV.    Relief.

Your complaint cannot go forward unless you request specific relief. State briefly exactly what you want the court to do for you. Make no legal arguments; cite no cases or statutes.

Page attached

COMPLAINT                    - 3 -

SECOND   CLAIM

1  Acting under color of federal law, the defendant Henderson

2  and joined by  Judges D. Lowell Jense and Samuel Conti,

3  on May 9, 2005, or about, did conspire with  defendant

4  Board of Parole members to conceal and suppress newly

5  discovery evidence found by judge Vaughn R. Walker on

6  May 2, 2005.

7  Said evidence consisted of irrefuttable misconduct

8  by judge Jensen who issued a gag rule May 10, 1995,

9  acting without jurisdiction.    The gag rule was a renewal

10  of judge Conti's gag rule of July 9, 1971, against the

11  First Amendment Freedom of Speech, issued without allowing

12  plaintiff opportunity to be heard, or submit evidence.

13  Judge Walker based his order Vacating the gag rule

14  of May 10, 1995, on 9th Circuit Court of appeals decisions,

15  and evidence of irrefuttable judge abuse of discretion.

> The ruling clealy reads:  "  The pre-filing review
> Order's restriction on any further actions challenging
> Magee's convictions interfers with Magee's right to
> satisfy one of the two sets of requirements  under
> § 2244(b) (2).. . . The pre-filing review order on
> Magee filed on May 10, 1995 is VACATED...."

EXHIBIT-1, attached hereto.
-----------

Exhibit-1, goes on to spell out that the Anti-writ of

Habeas Corpus law signed by Bill Clinton in 1996 do not

apply in the instant case, because the pre filing Order's

issued before 1996,  denying habeas corpus.

Judge Walker did De Novo review  into judges

OURT PAPER
TATE OF CALIFORNIA
TD. 113 (REV. 8-72)
S 34769

1   misconduct, and its findings has never been refutted

2   by any one, denying the newly discovered evidence of

3   judges misconduct.

4          In it May 2, 2005, order judge Walker placed

5   the habeas corpus before judge Henderson for hearing on the

6   merits.

7          The habeas Petition shown jury acquittal

8   by twelve jurors who found the plaintiff not guilty of

9   violating PC 209 ( kidnap).

10          Acting without jurisdiction, defendant

11  Henderson placed the habeas Corpus under the same

12  Jensen's May 10, 1995 gag rule, and invented a non-sense

13  reading document about Magee must ask the 9th Circuit

14  judges permission to be heard on jury acquittal and

15  other evidence.

16          Defendant Henderson knew, or should know

17  the 9th Circuit judges ( 8 or more ) operates their

18  personal gag rule against all evidence by the plaintiff

19  as showing since November 1992 through May 2008, and

20  on-going ( In re RUCHELL CINQUE MAGEE, NO. 92-80382

21  (9th Circuit Ct. ) )

22          Jury acquittal, and trial records facts

23  showing kangaroo court are all labelled frivolous by

24  judges of the 9th Circuit who may all be mentally

25  retarded, or just  to corrupted to address factual

26  issues exposing hate crime frameups, on - going since

27  1963 in this matter.

28

3/b

1     All appeals to the Supreme Court by the plaintiff

2    since 1965, through  January 2006, have been obstructed

3    by the 9th Circuit judges and their agent Gail Johnson,

4    clerk of the Supreme court, blocking justices review

5    of acquittal under the mob's gag rule.

6     Defendants know, or should know, that Mr. Bernard

7    Suares was selected for jury duty in the trial titled:

8    People vs- Ruchell Magee, Case NUmber 83668, in the

9    Superior Court of San Francisco County, state of

10   California.

11       That in the course of the Jurors deliberations

12       ( which commenced on March 26, 1973, and which
          were terminated on April 3, 1973 ) all twelve

13       jurors, agreed that the plaintiff Magee was not
          guilty of violating Penal Code 209 (kidnapping

14       for Extortion).     During deliberations, the

15       jury foreman Suares informed the trial judge
          Morton Colvin ( by written notes) that all

16       jurors reached Not Guilty Verdicts . . .

17      The jury foreman further informed the court
         that the jurors were hung on the lesser included

18      offense  ( Simple kidnap )  PC 207.

19

20   Without rendering judgment on the acquittal, on April 3,

21   1973, the trial judge declared a mistrial in conflict

22   with the acquittal.

23     Again, on April 27, 1973, the jury foreman Suares

24   filed declaration of the acquittal with the Superior

25   Court of San Francisco County.   The declaration was

26   supported by written statement on part of eighth

27   other jurors in the case:   Mr. John Chalmer;

28   Mr. Kenneth R. Tyson; Mr. David F. Smith; Ms. Ruth Feifer;

Ms. Raynell McGee; Ms. Jimmye L. Davis; Ms. Jacqueline Buckley - Ms. Lucy Johnson. ( Exhibit-2, Declaration, attached hereto.)

After the court declared mistrial, and ordered a second prosecution for the same offense ( Kidnap ), the jurors produced their full acquittal verdicts of twelve. ( Exhibit-3, attached hereto.)

Record show: May 10, 1974, acting without jurisdiction, the Superior Court of Santa Clara County ( judge William Ingram ) entered a guilty plea to the kidnap (PC 209).

On the same day, the plaintiff moved to withdraw the plea of guilt, because it was entered to a charge Constitutionally NOT triable, in the case of acquittal.

The motion for withdrawal of the plea was denied by a Court ignoring the acquittal withheld by the trial court.

January 23, 1975, the Superior Court of Santa Clara County issued a life sentence to run concurrent with a Los Angeles County life sentence of August 1965.

Defendant Henderson is guilty of committing a copy_cat obstruction of the First Amendment Access to Court right, to prevent the acquittal in the records. Defendant Henderson know, or should know, that by deliberately and intentionally DOUBLE JEOPARDY

3/d

PROSECUTION, the prosecutor Timothy A. Reardon used false affidavits which made the jurors appear impeaching themselves, as showing in the state decision styled: Ruchell Magee vs- Superior Court of Santa Clara county
------------------------------------------------------------
(1973) 34 Cal. App. 3d 201 .

By Double Jeopardy Prosecution, the prosecutor Reardon involves the twelve jurors, and defendants Flores, Jr., and the Parole agents - including federal judges Conti - Jensens and the 9th Circuit judges and defendant Henderson in the plot to murder the plaintiff (an innocent man) who is subjected to false imprisonment on hate crime frameups, as showing by writ of habeas corpus under gag rules, which violates DOUBLE JEOPARDY PROSECUTION.

e Said gag rules abridged the right and duty of the jurors to read their verdicts in open court on the kidnap count.

Upon renewing the gag rule, defendant Henderson failed to provide a liberal review as required by the laws of Congress and the Supreme Court and the Circuit Courts governing speech and liberal review.

Defendants, and each of them, and with persons in direct participation with them has scheduled a parole Hearing for July 21, 2008 by use of information, which has been used since 1980 labelling the plaintiff a public threat, if released from prison.

The information is barred by Double Jeopardy Prosecution laws.

DEFENDANT Henderson is no stranger to the

1

2    case:

3

4        When attorney in Alameda County ( 1964),

5    Defendant Henderson was gave trial record proof the

6    Los Angeles County Frameup by judge, lawyers and police

7    upon asked by the plaintiff to report the racist crime

8    which endangered plaintiff's life, and the lives of

9    others.    Defendant Henderson failed/refused to report

10   the crime, and claimed his office was to busy.

11       Now, he's not too busy to place gag rules

12   on the evidence of wrongful imprisnment, as favor to

13   white racists practicing slavery - in violation of the

14   United States Constitution.

15       In tampering with jury acquittal, the defendant

16   Henderson is not interpreting the law.   Instead, he

17   makes judges Conti and Jensen gag rule the law.

18       Defendants  have created information used by their

19   parole Board  which conflict with the jury acquittal, and

20   labelled the plaintiff responsible for the death of the

21   four persons killed by San Quentin prison guards based

22   on prison  officials rule of " kill hostages to stop prisoners

23   escape.     "

24       Defendant  Henderson knew, and know now of the

25   racist plot to subject the plaintiff to wrongful death,

26   because the plaintiff  know too much about the slave

27   operation .

28

THIRD   CLAIM
-----------

Defendants gag rule deny First Amendment  Freedom of

Speech Right's  to petition the government for  redress

of  grievance.

FOURTH   CLAIM
-----------

Defendants gag rule  has been used to stall for time,

to steal the plaintiff's birth name, and  twist his life

with slave conditions, in violations of the Eighth,

Thirteenth and Fourteenth Amendments, of the United States

Constitution.

FIFTH   CLAIM
--------------

Defendants gag rule consist of a  an - going Patter

of deception  where the original fribrication by judge

Conti in People vs- Angela Davis and Ruchell Magee ( July 9,

1971  -  N.D. Calif. )  (gag rule)  has been read into

the judge Jensen's gag rule of May 10, 1995,  and

defendant Henderson's gag rule May 9, 2005 ( Case

number C 05-01819  TEH, N.D. Calif. );  Magee vs- California

Attorney General, NO. C 06 0390-TEH (N.D. Calif. Jun 14,

2006 ) and Magee vs- Atty. Gen. Flores, NO. C 06-3851   TEH

Mar. 28, 2007  (N.D. Calif. ).

All of the misconduct by the defendants proves

outrageous, reckless and designed  with intents to force

the plaintiff to accept criminal action- because the

plaintiff is a Black man, and the judges Conti and Jensen

are white with the belief that their fraud, legal
fiction and lies control the life of the Black race
of people. That all Black people supposed to be like
Thelton E. Henderson, a negro told what to do by racist
whites practicing slavery - under color of law.

Plaintiff think for himself, and will forever in
life think for himself, despite what stupid whites
belief about white supremacy fakism !

The gag rules conflict with federal judge Walker's
Order vacating gag rules. ( See Exhibit 4 , order,
attached hereto.

The gag rule action and omissions are carried out
as a retaliation against the plaintiff for exercising
his Right's to petition the government.
First Amendment rights have been years violated, outragiously
by dendants, acting above the law .

### SIXTH CLAIM

Defendants gag rule causes infliction of
high blood pressure with death threatening effect -
plaintiff get no more than 3 hours sleep a day - he has
to write and defend against the lies - deception and
slave conditions which writings are kept before the
defendants and those in the mob circle of insanity -where
one criminal lie for each other in the name of law -
causing death trap injury, which invite public violence.

Plaintiff suffers stress, in vioation of

Eighth Amendment, of the United States Constitution.
Plaintiff has lost his good name, his youth, his
freedom, his peace at mind, his property, in violation
of the Thirteenth and Fourteenth Amendments, of the
united States Constitution.

Defendants, the cowards they all are, know the
public in the millions of peoples would be just as
outraged as the plaintiff, upon finding out  what has
been done in this case of racist slavery.

Defendants, and all persons in participation with
them must be held accountable for their own action, and
brought to justice like any other criminal ..

Defendant Henderson and judge Jensen are named
named  defendants in the pending  action:

> Ruchell Cinque Magee vs- Senator Bob Dole, et al.,
> No. 08 - 5054, ( U.S. Court of Appeals, Dist.
> Columbia at Washington, DC ).

Plaintiff is kept under  ill-conditions  which
defendants know endanger  the plaintiff's life.

As result of the defendants outrageous  conduct,
the plaintiff has no  other remedy by appeal or therwise,
unless the court grant the releif sought the plaintiff
will suffer further irreparable injury. .

RELIEF

WHEREFORE,  plaintiff requests the court to grant
judgment  in favor of the plaintiff:

1.    Injunction prohibiting the document of
defendant Henderson, and all persons in participation
with Henderson from obstructing newly discovered
evidence found by the federal judge Walker in this
matter; C-05-80075 MISC VRW,(N.D.Calif. May 2, 2005).

2.    Order Defendants to pay lawyers and
court fees  in this action.

3.    The Court grant such further action which
it seems just and appropriate in this matter.

Dated:  July 7, 2008

RUCHELL  CINQUE  MAGEE

1

2

3

4

I declare under penalty of perjury that the foregoing is true and correct.

Signed this ___7___ day of ___July_____, 20_08___

_Ruchell Cinque Magee_

(Plaintiff's signature)

RUCHELL CINQUE MAGEE

COMPLAINT                                    - 4 -

U.S. District Court, Northern DIstrict

CALIFORNIA

RUCHELL CINQUE MAGEE ,  )
                         )
_____,   )
                         )
Plaintiff,               )
                         )         Case No. _____
vs.                      )
Peter Flores, JR.,       )
                         )
_____,   )
                         )
Defendant(s).            )
                         )

## MOTION TO PROCEED IN FORMA PAUPERIS
## AND AFFIDAVIT IN SUPPORT -- PRISONER CASES

I, _____RUCHELL CINQUE MAGEE_____
declare (1) that I am the ___Plaintiff___ in this case; (2) that
because of my poverty, I am unable to pay the $150.00 filing fee;
and (3) that I believe I am entitled to relief.  The nature of my
action and the issues are briefly stated as follows:

    INJUNCTIVE  RELIEF AGAINST SUPPRESSION OF ACQUITTAL

In further support of this application, I answer the following
questions:

1. Have you ever before brought an action or appeal in a federal
   court while you were incarcerated or detained?

   Yes _yes_  No ___         Pending : Magee vs- Dole, et al.
                             No. 08-5054, U.S. Court of Appeals
   If so, how many times?    Dist. Columbia Cir. Washiing, DC

   Were any of the actions or appeals dismissed because they were
   frivolous, malicious, or failed to state a claim upon which
   relief may be granted?

                             Case pending against fraud
   Yes ___  No ___           made up for  criminals hiding evidence
                                game.
   If so, how many of them?

2. Place of confinement of plaintiff or petitioner:_____
        Corcoran, state Prison,  California _____

3. Crime(s) for which you have been convicted, date and sentence on
   each:

   _____JURY ACQUITTAL  case_____

    · Case suppressed by organized crime _____
   _____

4. Are you presently employed?          Yes ____    No __X__

   a. If the answer is "yes," state the amount of your salary or
      wages per month, and give the name and address of your
      employer.

              N/A

   b. If the answer is "no," state the date of last employment
      and the amount of the salary and wages per month which you
      received.

              1963   in prison

              N/A

5. Have you received, within the past twelve (12) months, money
   from any of the following sources?

|                                                      | Yes | No |
|------------------------------------------------------|-----|----|
| Business, profession or form of self-employment?     | ___ | X  |
| Rent payments, interest or dividends?                | ___ | X  |
| Pensions, annuities or life insurance payments?      | ___ | X  |
| Gifts or inheritances?                               | ___ | X  |
| Any other sources?                                   | ___ | X  |

If the answer to any of the above is "yes," describe the source
and amount of money received from each during the past twelve
(12) months.

              N/A

6. Do you own any cash, or do you have money in a checking or
   savings account?  Include any funds in prison accounts during
   the last six (6) months.          Yes ____    No  X

If the answer is "yes," state the total amount of cash owned,
and the average monthly balance in all checking, savings or
prison account during the last six (6) months.

              N/A

7. Do you own real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?    Yes _yes_    No ___

If the answer is "yes," describe the property and state its approximate value.

Jury acquittal in the trial court records

worth $millions of dollars heard by a real judge

8. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.

Jurors who acquitted my person

and publishers against organized crime in our

courts  and other public office

Presenting evidence of corruption that may save

the life of Sen. Baraka O'Bama, and others against
hide behind racist clowns as Bill Clinton, cowards.

I DECLARE UNDER PENALTY OF PERJURY THAT THE ABOVE INFORMATION IS TRUE AND CORRECT.  I UNDERSTAND THAT PROVIDING FALSE INFORMATION MAY SUBJECT ME TO CRIMINAL PROSECUTION, IMPOSITION OF A FINE, OR OTHER SANCTION THAT MAY ADVERSELY AFFECT MY ABILITY TO PURSUE THIS CASE OR OTHER CASES.  I HAVE REVIEWED MY ANSWERS TO INSURE THEIR ACCURACY.

Executed (signed) this _7_ day of _July_, 20_08_.

_(Signature of plaintiff)_

RUCHELL CINQUE MAGEE

3

U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA

Ruchell Cinque Magee          )
                              )          NO. _____
        vs-                   )
Peter Flores, Jr.             )          PROOF OF SERVICE
                              )
-----------------------------

        I hereby certify that on  July 7,_____2007,

I served a copy of the attached ___COMPLAINT UNDER THE CIVIL_____

RIGHTS ACT & APPLICATION FOR CLEARANCE
------------------------------------------ by placing a copy in a postage

paid envelope addressed to the person(s)  hereinafter listed
by depositing said envelope in the United States Mail at Corcoran
California:

                                    Peter  Flores, Jr
                                    Deputy Attorney Gen.
Thelton E. Henderson, judge         455 Golden Gate Ave.
U.S. District Court                 San FRancisco, CA
Northern District                                    94102
450 GOlden Gate Avenue
San FRancisco, CA  94102

                    Commission  Doe One
                    Parole Hearing
                    Lifer Unit
                    P.O. Box  4036
                    Sacramento,  CA  95812-4036

Ashelly  B.
c/o  Anti-Racist ACtion Publishers
      Culver City, CA  90232 -1055

I declare under penalty of perjury the foregoing is true
and correct.

                                    _Ruchell Cinque Magee_
                                    RUCHELL CINQUE MAGEE

FILED

2005 MAY -2 PM 5: 19

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO DIST. OF CA.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RUCHELL CINQUE MAGEE,                    )
                                          )
              Petitioner,                 )     No C 05-80075 MISC VRW
                                          )
       vs.                                )     ORDER          *TEH*
                                          )
A K SCRIBNER, Warden,                     )
                                          )     **C 05 01819**
              Respondent.                 )
_____ )

       Ruchell Cinque Magee, a prisoner at California State Prison, Corcoran,

and a frequent litigant in federal court, seeks to file a pro se petition for a writ of

habeas corpus under 28 USC § 2254 challenging a 1975 conviction from the

Superior Court of the State of California in and for the County of Santa Clara.

Because Magee is subject to a pre-filing review order, his petition was "lodged"

as a miscellaneous matter and referred to the undersigned for pre-filing review as

General Duty Judge.

       The pre-filing review order at issue states that Magee may not file any of

the following types of actions without first obtaining leave of court: (1) "any

action, regardless of what legal theory [Magee] employs, challenging either his

1965 conviction, or challenging the legitimacy of [subsequent] 1970 [criminal]

proceedings;" (2) "any further actions requesting disqualifications of judges, or

containing allegations of judicial misconduct in connection with his convictions

and dismissals of his previously filed actions;" and (3) any "civil rights actions."

Magee v Marshall, No C 93-3637 DLJ, slip op at 6 (ND Cal May 10, 1995).

Exhibit 1

1    The Ninth Circuit has made clear that orders restricting a person's access
2 to the courts must be based on adequate justification supported in the record and
3 must be narrowly tailored to address the abuse perceived. See <u>De Long v</u>
4 <u>Hennessey</u>, 912 F2d 1144, 1148-49 (9th Cir 1990). An order preventing a
5 litigant from filing "any" further actions without leave of court is overly broad
6 and cannot stand. See id; <u>Moy v United States</u>, 906 F2d 467, 470-71 (9th Cir
7 1990).

8    The pre-filing review order's restriction on any further actions requesting
9 disqualification of judges, and on any civil rights action, submitted by Magee for
10 filing is overly broad and cannot stand. See id. Nor can the order's restriction on
11 any further actions challenging Magee's convictions. Although the latter appears
12 narrowly tailored, it conflicts with 28 USC § 2244(b), enacted a year after the
13 pre-filing review order was filed.

14    Under § 2244(b), a claim presented in a second or successive petition for a
15 writ of habeas corpus under 28 USC § 2254 that was presented in a prior petition
16 must be dismissed. 28 USC § 2244(b)(1). But a claim that was not presented in
17 a prior petition may proceed if it satisfies one of two sets of requirements:

18        (A) the applicant shows that the claim relies on a new rule of
    constitutional law, made retroactive to cases on collateral review by
19    the Supreme Court, that was previously unavailable; or

20        (B)(i) the factual predicate for the claim could not have been
    discovered previously through the exercise of due diligence; and
21
        (ii) the facts underlying the claim, if proven and viewed in
22    light of the evidence as a whole, would be sufficient to establish by
    clear and convincing evidence that, but for constitutional error, no
23    reasonable factfinder would have found the petitioner guilty of the
    underlying offense.
24
25 28 USC § 2244(b)(2). The pre-filing review order's restriction on any further
26 actions challenging Magee's convictions interferes with Magee's right to satisfy
27 one of the two sets of requirements under § 2244(b)(2).

28                                    2

For the foregoing reasons, the pre-filing review order on Magee filed on May 10, 1995 is VACATED. The clerk shall file Magee's petition for a writ of habeas corpus challenging his 1975 state conviction as a new pro se prisoner habeas action (suit code 530), and assign it to Judge Henderson pursuant to the court's Assignment Plan. (Magee's most recent prisoner action "filed" in this court was assigned to Judge Henderson. See Magee v Scribner, No C 05-1064 TEH (PR) (ND Cal filed Mar 15, 2005)).

SO ORDERED.

_____
VAUGHN R WALKER
United States District Judge

3

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE CITY AND COUNTY OF SAN FRANCISCO

PEOPLE OF THE STATE OF CALIFORNIA,                    No. 83668

                  Plaintiff,

        vs.                                        DECLARATION

RUCHELL MAGEE,

             Defendant.

_____/

    I, Bernard J. Suares, say:

    That I was the duly elected foreman of the petit jury

selected to serve in the trial of the above entitled action.

    That in the course of the jury's deliberations (which

commenced on March 26, 1973 and which were terminated on April 3,

1973) all twelve jurors, after discussing the evidence and the

applicable law as given to us by the Court, acting at the same

time, agreed that the defendant was not guilty of the charge of

violating P.C. 209 (kidnapping for purposes of extortion).  At no

time during the discussion of the evidence and the law, as they

applied to the P.C. 209 charge, or at any other time, did any

juror state that he or she agreed to the defendant's innocence on

the 209 charge as a compromise in an effort to reach unanimity.

In fact, prior to reaching our agreement that the defendant was

not guilty of the



P.C. 209 charge all members of the jury expressly agreed among themselves that they would not allow considerations of compromise to influence their deliberations or decisions.  It was the jury's unanimous stated conclusion that the prosecution in presenting its case had failed to meet its burden of proof in order to establish defendant's guilt on the 209 charge.

Thereafter, the jury's concern with respect to the first count was limited to the issue of defendant's guilt of the lesser included offense of P.C. 207 (simple kidnapping).  Upon discussion of the evidence as it applied to the law, as given by the Court, we were unable to reach a decision.  The jury's last ballot favored conviction on the P.C. 207 count by a vote of 11 to 1.  The juror standing alone stated he favored an acquittal of defendant on all charges.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at San Francisco, California on April 27, 1973.

Leonard J. Suares

The foregoing instrument is a correct copy of the original on file in this office
ATTEST
MAY 23 1995
STEPHEN V. LOVE
COUNTY CLERK
Santa Clara County
County Clerk and ex-officio Clerk of the Superior Court of the State of California in and for the County of Santa Clara
BY    DEPUTY
D. D. ERENO

TO WHOM IT MAY CONCERN :

Each of us undersigned, formerly jurors in the
Ruchell MaGee trial in San Francisco, has read the
Affidavit signed by jury foreman Bernard J. Suares, and
each agree that after thorough discussion ofthe relative
merits of the 209 charge, we eliminated it from considera-
tion by voting 11 for 207 conviction and 1 not guilty on
count 1, because of a belief, at least as to the undersig-
ned, that the state had truly not proved the 209 charge,
and not through any consideration of compromise.

S/    David F. Smith

s/    Raynell McGee

s/    Lucy Johnson

s/    Berbard J.Suares

s/    Jimmye L. Davis

s/    Kenneth R.Tysom

s/    Ruth Feifer

s/    John Chalmer

s/    Jacqueline Buckley

STATE OF CALIFORNIA
COUNTY OF SAN FRANCISCO COUNTY
_____ ___, 2001

## AFFIDAVIT OF BERNARD J. SUARES

I, Bernard J. Suares, hereby depose and declare:

1. That I was elected Jury Forman in the trial of Ruchell Magee, case number 68668, Superior Court of San Francisco County;

2. That I reside in San Francisco County;

3. That at the end of the jury's deliberations (commenced on March 26th, 1973, and terminated April 3rd 1973) all twelve jurors found Mr. Magee not guilty of violating P.C. 209 (kidnapping for the purpose of extortion);

4. I informed Judge Morton Colvin by written note that all twelve jurors had reached a uninamous "not guilty" verdict.

   Without rendering a judgement on the acquittal, Judge Colvin declared a mistrial on April 3rd, 1973 contradicting the law (Calif. Evidence Code Section 1150 Subdivision (a): "validity of a verdict)";

5. On April 27th, 1973, I filed a written declaration of the acquittal on the Kidnap Charge with the Superior Court of San Francisco County (Case Number 68668).  Other Jurors joined my declaration with written statements confirming the acquittal;

6. I am now informed the Prosecution hid the acquittal he gave to Judge Colvin, and Judge Colvin sealed it. The Prosecutor also created a fraudulent document styled "affidavit" attributed to Junior *William Irwin* portraying the Jurors "not guilty" declaration of April 27, 1973 as being impeached;

7. As shown by the decision, (Ruchell Magee -vs- Superior Court of Santa Clara County [1973] 34 Cal. App ed 201), Mr. Magee's Court appointed lawyer, Robert D. Carrow, failed to report the acquittal given to Judge Colvin by me, before he declared mistrial. Had the acquittal been disclosed, the appellate Court would have honored the acquittal on the Kidnap charge in accordance with Evidence Code 1150, supra.

Exhibit - 3

which is being concealed by the court in violation of the Rico Act and Mr. Magee's Constitutional right to a fair trial.

I have been ignored for more than 23 years and demand that I be heard in a court of law. I will testify and can prove that the jury was unanimous in their declaration that they found Mr. Ruchell Magee "Not Guilty".

I declare under penalty of perjury the foregoing is true and correct to the best of my knowledge and belief.

Respectfully yours,

*Bernard J. Suares*

Bernard J. Suares
1890 23rd Avenue
San Francisco, CA 94122

SUBSCRIBED AND SWORN TO BEFORE ME THIS 6ᵗʰ DAY OF _August_ 2001.



DIANA B. TRIGUEROS
COMM. #1215897
NOTARY PUBLIC - CALIFORNIA
SAN FRANCISCO COUNTY
My Commission Expires 04-12-2003

_Diana B Trigueros_
Notary Public

My Commission expires:    April 12, 2003

SUPERIOR COURT OF SAN FRANCISCO COUNTY, CA.

People   Vs- Ruchell Magee

    NO.  83668


DRAFTED NOTES (VOTES) OF THE JURORS
APRIL, 1973  ON P.C. 209 KIDNAP

1) David F. Smith,  "NOT GUILTY."

2) John Chalmer,  "NOT GUILTY."

3) Mosses Shephard, " Not Guilty."

4) Kenneth R. Jason,  "NOT GUILTY."

5) Bernard J. Suares, "NOT GUILTY."

6) William Irwin,  " NOT GUILTY."

7) Jacqueline  Buckley, "NOT GUILTY."

8) Raynell McGee,  " Not Guilty."

9) Barbara Giddis,  "NOT GUILTY."

10) Ruth  Feifer,  " NOt Guilty."

11) Lucy Johnson,  " NOT GUILTY."

12) Jimmie Davis,  "NOT GUILTY."



Bernard J. Suares

FILED

2006 JAN 20  AM 9: 57

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO DIST OF CA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

E-filing

*JF*

CV  08   3445

*(PR)*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RUCHELL CINQUE MAGEE,           )
                                )
            Plaintiff,           )       No C 05-80291 MISC VRW
                                )
    vs.                         )       ORDER
                                )
CALIFORNIA ATTORNEY             )
GENERAL, et al,                 )
                                )
            Defendants.         )
                                )
_____  )

Ruchell Cinque Magee, a prisoner at California State Prison, Corcoran, and a frequent litigant in federal court, seeks to file a pro se civil rights action for declaratory and injunctive relief under 42 USC § 1983.

The clerk "lodged" Magee's complaint and referred it to the undersigned for pre-filing review as general duty judge because it appeared that Magee was subject to a pre-filing review order dated May 10, 1995. However, a careful review of court files shows that the May 10, 1995 pre-filing review order was recently vacated. See Magee v Scribner, No C 05-80075 MISC VRW (ND Cal May 2, 2005) (order).

*Exhibit 4*

1    The clerk is directed to remove the May 10, 1995 order from its list of pre-

2  filing review orders and to file Magee's complaint as a new pro se prisoner civil

3  rights action (suit code 550) and assign it to Judge Henderson pursuant to the

4  court's assignment plan.  (Magee's most recent prisoner action "filed" in this

5  court was assigned to Judge Henderson.  See Magee v Scribner, No C 05-1064

6  TEH (PR) (ND Cal filed Mar 15, 2005)).

7    SO ORDERED.

8

9    _____
     VAUGHN R WALKER
     United States District Chief Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                2

7/8/08

LEGAL MAIL

**LEGAL MAIL**

Ruchell Cinque Magee
3A5-142, #A92051
Box 3461, CSP
Corcoran, CA 93212

RECEIVED

JUL 11 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Office of Clerk
U.S. District Court
Northern District
450 Golden Gate Ave
San Francisco, CA
94102