Ruchell Cinque Magee
3A5-142 #A92051
Box 3461, CSP
Corcoran, CA 93212

FILED
08 JUL 17 AM 11:13

E-filing

U.S. DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JF

Ruchell Cinque Magee,           )   NO. _____
                                )
        Plaintiff               )   CV 08    3445
                                )
vs-                             )   APPLICATION FOR CLEARANCE
                                )
Peter Flores, Jr.,              )
                                )                       (PR)
Thelton E. Henderson, judge,    )
                                )
et al.,                         )   ( 28 USC § 1651 )
                                )
        Defendants              )
-------------------------------

TO:   RESPECTABLE JUDGE VAUGHN R. WALKER

   Plaintiff ask reaffirming of the Court's Order Vacating the gag order of May 10, 2005, and order for clearance where the Supreme court may intervene to silent corrupted judge Thelton Henderson- judges Samuel Conti and D. Lowell Jensen.

   Clearance is necessary based on the court already found and discovered new evidence of judges abuse upon vacating the outrageous gag rule, as showing by

1

the decision ( <u>In re RUCHELL Cinque Magee</u>, NO. C-05-80075 MISC VRW  May 2, 2005, N.D. Calif. ), stating:

" The pre-filing review order's restriction on any further actions requesting disqualification of judges, and on any civil rights action, submitted by Magee for filing is overly broad and cannot stand . . . The Pre-filing review order on Magee filed on May 10, 1995 is VACATED..."

Since that order and newly discovered evidence, defendant Henderson in an outrageous and rackless manner, has deliberately and intentionally recited the judges Samuel Conti and D.Lowell Jensen's old gag rule - denying access to court, and keeping the jury acquittal criminally obstructed from heard in oepn court, as showing by these decisions:

<u>RUCHELL Cinque Magee vs- Warden State Prison</u> et al., NO. C-05-01819 TEH, ( May 9, 2005, or about, N.D. Calif. );

<u>Magee vs- Attorney General of California</u> No. C-06-0390 TEH  (N.D. Calif.  Jun 14, 2006);

<u>Magee vs- Flores, et al.</u>, NO. C-06-3851 TEH ( N.D. Calif.  Mar 28, 2007 ).

In each decision, defendant Henderson, acting without jurisdiction, misinterpreted the law, and recited the May 10, 1995 gag rule, keeping the jury acquittal locked into a malicious fraud, and the plaintiff subjected to false imprisonment, in violation of the Klu Klux klans act ( 18 U.S.C. §§ 241 - 242 ).

Without Clearance and the supreme court's

intervention to silent defendant Henderson - judges Conti and Jensen, the plaintiff will continue to be subjected to irreparable injury, and kept under the racist stagged gag rule, which poses threat on the plaintiff's life.

Defendant Henderson's misconduct is the on-going misconduct of both judges Conti and Jensen, both extreme racists who have found ways to manipulate the criminal justice system in criminal assault on the jury system, in violation of the klans Act.

As showing by the order Vacating unconstitutional gag rule's May 2, 2005, the Anti-writ of habeas Corpus do not change Fifth Amendment Prohibition against DOUBLE JEOPARDY PROSECUTION. Contrarily, the acquittal bar all gag rules or government action. ( see 18 U.S.C. Section 3731 .)

By misinterpreting the law, dfendant Henderson and judges Conti and Jensen put the case in false jurisdiction_claiming the 9th Circuit judges must approve of Magee being allowed to be heard. There, a seperate gag rule have been stagged since November 1992, on-going blocking right to be heard July 2008 ( In re RUCHELL Cinque Magee, No. 92-80382, 9th CIR. )

All appeals are outrageously blocked in the 9th Circuit Court of Appeals by corrupted judges who recites their gag rule against jury acquittal and all evidence of innocence, and judges abuses.

Plaintiff's attempts to reach the Supreme

3

court have been outrageously obstructed by the corrupted Clerk identified as Gail Johnson who issued its own gag rule against Magee filing.

The state has failed and refused to produce discovery of acquittal evidence, in violation of its own law ( PC 1054.9) stating by Order dated July 3, 2008:

" Because petitioner's sentence is one of life with the possibility of parole," discovery is denied.

The Superior Court of Santa Clara County mistate the facts, saying:
" The acquittal claims have already been presented to, and rejected by, both the state and federal Courts."

The state maintain that its decision 34 Cal. App. 3d 201, and the previous judges Conti and Jensen's gag rule already rejected the petitioner's claims.

Habeas Corpus showing jury acquittal gave the trial court before it declared mistrial, impeach the previous courts decisions.

Clearance call for reopening of all decisions consisting of abuse of discretion.

All decisions consist of DOUBLE JEOPARDY PROSECUTION.

Plaintiff is held under a secrete life sentence without possibility of parole.   Forty seven years imprisonment proves the prosecution's intents to subject the plaintiff to wrongful death, as coverup of hate crime frameups. As back up, there are gag rule

4

document to obstruct the right to be heard.

Clearance is necessarily reopen the Granted Order of the Court in case Number C-05-80075, supra, to show the on - going Pattern of judicial abuses of power.

Clearance will prove the Anti-writ of habeas corpus do not apply in the case of acquittal, as showing by federal statute : " 18 U.S.C. § 3731 ."

What defendant Henderson , and judges Conti and Jensen has stagged with their gag rule do not make any sense. Yet, these corrupted judges who may be mentally retarded keep repeating outrageous misconduct, as if the racist joke gives them some kind of sick charge.

The state decision about jury impeached themselves proves a fraud on its face when habeas corpus evidence of the jurors acquittal gave the trial judge proves itself... The state decision styled Magee vs- Superior Court of Santa Clara County (1973) 34 CAL. App. 3d 201 proves impeached by the jurors acquittal gave the trial judge before he declared mistrial. See lawsuit in this matter.
Habeas Corpus which should be heard, cannot be heard, until the gag rule issue is settled or prohibited by Injunctive relief in this matter.

Gag rule accept as true the fraudulently state decision ( 34 CAL. App. 3d 201, Supra.) Even where habeas Corpus show jurors acquittal gave the trial judge before it declared mistrial April 3, 1973. The trial

5

court was without jurisdiction to declare a mistrial, without judgment of acquittal in open court.

A jury acquittal on kidnap (PC 209) protects a defendant from further liability ( gag rules or otherwise.) ( See 18 U.S.C. § 3731 . )

By use of arbitrary gag rules, the defendant Henderson deliberately abuses it discretion . The jury acquittal must not be disturbed by abuse of discretion. ( See 18 U.S.C. § 3731. )

The complaint for injunctive relief should also be granted on its face.

" To obtain a preliminary Injunction, plaintiff must either (1) a likelihood of success on the merits and the possibility of irreparable injury emphasis added, or (2) THE EXISTENCE OF SERIOUS QUESTION GOING TO THE MERITS and balance of hardship tipping in Plaintiff's favor." ( Nike, Inc. vs- McCarthy (9th Cir. 2004) 379 F. 3d 576, 580 ( quoting Gilder vs- PGA Tour, Inc: ( 9th Cir. 1991) 936 F. 2d 417, 422 ( internal quotation ommitted.)

These two alternatives represent extremes of a single continue, rather than two separate test. Thus, the greater the relative hardship to plaintiff, the less probability of success must be shown. Walezak vs- EPL Prolong, Inc (9th Cir. 1999) 198 F. 3d 725, 731 ( internal quotation omitted. )

Plaintiff has already shown in his previous application for clearance granted in case No. C-05-80075,

6

supra, the gag rule denying access to court vioates First Amendment freedom of speech, and causes irreparable injury to the plaintiff's person.

False imprisonment constitute cruel and unusual punishment, in violation of the Eighth Amendment, of the United States Constitution..

Gag rule deny evidence hearing, and suppress evidence in violation of the Brady rule. (373 U.S. 83 (1963).)

Plaintiff has established a First Amendment Claim. See Sacramento vs- First Judicial Dist. Court, 303 F. 3d at 973-74 (internal citations omitted).

See Cutter vs- Wilkinson, 125 S. Ct. 2113 (2005).

## RELIEF

WHEREFORE, plaintiff request the court to grant Clearance - reopen the case of In re Ruchell Cinque Magee, NO. C-05 80075 MISC VRW (Supra.) to determine judicial abuse, and whether the Supreme Court should be requested to intervene to assist the court in its jurisdiction to uphold laws the 9th Circuit court judges do not wish upheld in the interst of justice.

Habeas corpus cannot present jurors, acquittal for hearing, unless the court higher then the 9th Circuit intervene in this matter.

I certify under penalty of perjury the foregoing

7

is true and correct to the best of my knowledge and belief.

Dated: July 8, 2008

                                                         */s/ Ruchell Cinque Magee*
                                                         RUCHELL CINQUE MAGEE