NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUCHELL CINQUE MAGEE,<br><br>    Plaintiff,<br><br>  vs.<br><br>FLORES, et al.,<br><br>    Defendant(s). | No. C 08-3445 JF (PR)<br><br>ORDER TO SHOW CAUSE |

Plaintiff, a California inmate, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. He has not paid the filing fee and has applied for leave to proceed in forma pauperis. This suit is subject to dismissal for the reasons set forth below.

The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a civil action in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted,

1   unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C.
2   § 1915(g).  Section 1915(g) requires that this court consider prisoner actions
3   dismissed before, as well as after, the statute's 1996 enactment.  <u>Tierney v. Kupers</u>,
4   128 F.3d 1310, 1311-12 (9th Cir. 1997).

5   For purposes of a dismissal that may be counted under § 1915(g), the phrase
6   "fails to state a claim on which relief may be granted" parallels the language of
7   Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the
8   word "frivolous" refers to a case that is "of little weight or importance: having no
9   basis in law or fact," and the word "malicious" refers to a case "failed with the
10  'intention or desire to harm another.'"  <u>Andrews v. King</u>, 398 F.3d 1113, 1121 (9th
11  Cir. 2005) (citation omitted).  Only cases within one of these three categories can be
12  counted as strikes for § 1915(g) purposes.  <u>See id.</u>  Dismissal of an action under §
13  1915(g) should only occur when, "after careful evaluation of the order dismissing an
14  [earlier] action, and other relevant information, the district court determines that the
15  action was dismissed because it was frivolous, malicious or failed to state a claim."
16  <u>Id.</u>

17  <u>Andrews</u> requires that the prisoner be given notice of the potential
18  applicability of § 1915(g), by either the district court or the defendants, but also
19  requires the prisoner to bear the ultimate burden of persuasion that § 1915(g) does
20  not bar pauper status for him.  <u>Id.</u>  <u>Andrews</u> implicitly allows the court to <u>sua sponte</u>
21  raise the § 1915(g) problem, but requires the court to notify the prisoner of the
22  earlier dismissals it considers to support a § 1915(g) dismissal and allow the prisoner
23  an opportunity to be heard on the matter before dismissing the action.  <u>See id.</u> at
24  1120.  A dismissal under § 1915(g) means that a prisoner cannot proceed with his
25  action as a pauper under § 1915(g), but he still may pursue his claims if he pays the
26  full filing fee at the outset of the action.

27  A review of the dismissal orders in Plaintiff's prior prisoner actions reveals
28  that Plaintiff has had at least three such cases dismissed on the grounds that they

were frivolous, malicious, or failed to state a claim upon which relief may be granted. Plaintiff was previously the subject of a pre-filing order. See Magee v. Marshall, No. C-93-3637 DLJ (pre-filing order filed May 10, 1995 at p. 3 n.2.) Moreover, this Court has reviewed the orders of dismissal in the following cases: C-93-3507 DLJ (PR)(docket no. 4; filed June 9, 1994, dismissed res judicata)[1]; C-93-3638 DLJ (PR) (docket no. 5; filed June 9, 1994, dismissed for failure to state a claim/frivolous; C-94-3815 DLJ (PR) (docket no. 5; filed March 17, 1995 dismissed as malicious); C-95-3855 DLJ (PR) (docket no. 3; filed May 23, 1996, dismissed as malicious); C-94-1786 SBA (PR) (docket no. 7; filed November 7, 1994, dismissed based on defendant's immunity from suit); C-94-4298 DLJ (PR) (docket no. 2; filed March 16, 1995, dismissed as malicious); and C-95-2520 DLJ (PR) (docket no. 3; filed July 20, 1995, dismissed as malicious/duplicative). Plaintiff is now given notice that each of the above cases reviewed by this Court constitutes a dismissals for purposes of § 1915(g).

In light of these dismissals, and because Plaintiff was not under imminent danger of serious physical injury at the time he filed the instant complaint, the court now orders Plaintiff to SHOW CAUSE why this action should not be dismissed pursuant to 28 U.S.C. § 1915(g). Plaintiff's response to this order to show cause is due no later than **thirty (30) days** from the date this order is filed. The response must clearly be labeled "RESPONSE TO ORDER TO SHOW CAUSE."

Although the court has listed seven dismissals, only three prior dismissals need to qualify under § 1915(g). In the alternative to showing cause why this action should not be dismissed, Plaintiff may avoid dismissal by paying the full filing fee by the deadline.

**FAILURE TO FILE A RESPONSE TO THIS ORDER AS DESCRIBED ABOVE OR TO PAY THE FULL FILING FEE WITHIN THIRTY (30) DAYS**

---

[1] An in forma pauperis complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under § 1915. Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995)

**OF THE DATE THIS ORDER IS FILED WILL RESULT IN THE DISMISSAL OF THIS ACTION WITHOUT FURTHER NOTICE TO PLAINTIFF.**

IT IS SO ORDERED.

DATED: 8/21/08

JEREMY FOGEL
United States District Judge

G:\PRO-SE\SJ.JF\CR.08\Magee3445_osc1915g.wpd   4