**United States District Court**
For the Northern District of California

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUCHELL CINQUE MAGEE, ) | No. C 08-3445 JF (PR) |
| Plaintiff, ) | ORDER OF DISMISSAL; ON PENDING MOTIONS |
| vs. ) | |
| FLORES, et al., ) | (Docket Nos. 2, 6, 7, 9, 10, 11) |
| Defendant(s). ) | |

Plaintiff, a California inmate, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. On August 25, 2008, the Court ordered Plaintiff to show cause why the actions should not be dismissed pursuant to 28 U.S.C. § 1915(g) or alternatively, to pay the full filing fee, within thirty days of the order. See Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). Plaintiff has filed two motions "for clearance," a motion for a temporary restraining order, a motion to disqualify the undersigned, and two motions for leave to proceed in forma pauperis. After considering these motion, this case will be DISMISSED without prejudice to refiling in new civil rights actions in which Plaintiff pays the applicable filing fee.

The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a civil

G:\PRO-SE\SJ.JF\CR.08\Magee3445_dism-1915g.wpd

1  action in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more
2  prior occasions, while incarcerated or detained in any facility, brought an action or
3  appeal in a court of the United States that was dismissed on the grounds that it is
4  frivolous, malicious, or fails to state a claim upon which relief may be granted,
5  unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C.
6  § 1915(g). Section 1915(g) requires that this court consider prisoner actions
7  dismissed before, as well as after, the statute's 1996 enactment. Tierney v. Kupers,
8  128 F.3d 1310, 1311-12 (9th Cir. 1997).

9  For purposes of a dismissal that may be counted under § 1915(g), the phrase
10 "fails to state a claim on which relief may be granted" parallels the language of
11 Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the
12 word "frivolous" refers to a case that is "of little weight or importance: having no
13 basis in law or fact," and the word "malicious" refers to a case "failed with the
14 'intention or desire to harm another.'" Andrews, 398 F.3d at 1121. Only cases
15 within one of these three categories can be counted as strikes for § 1915(g) purposes.
16 See id. Dismissal of an action under § 1915(g) should only occur when, "after
17 careful evaluation of the order dismissing an [earlier] action, and other relevant
18 information, the district court determines that the action was dismissed because it
19 was frivolous, malicious or failed to state a claim." Id.

20 Here, Plaintiff has had at least three pro se prisoner actions dismissed on the
21 grounds that they were frivolous, malicious, or failed to state a claim upon which
22 relief may be granted. Plaintiff was previously the subject of a pre-filing order. See
23 Magee v. Marshall, No. C-93-3637 DLJ (pre-filing order filed May 10, 1995 at p. 3
24 n.2.) Moreover, this Court has reviewed the orders of dismissal in the following
25 cases: C-93-3507 DLJ (PR)(docket no. 4; filed June 9, 1994, dismissed res

1  judicata)[1]; C-93-3638 DLJ (PR) (docket no. 5; filed June 9, 1994, dismissed for
2  failure to state a claim/frivolous; C-94-3815 DLJ (PR) (docket no. 5; filed March 17,
3  1995 dismissed as malicious); C-95-3855 DLJ (PR) (docket no. 3; filed May 23,
4  1996, dismissed as malicious); C-94-1786 SBA (PR) (docket no. 7; filed November
5  7, 1994, dismissed based on defendant's immunity from suit); C-94-4298 DLJ (PR)
6  (docket no. 2; filed March 16, 1995, dismissed as malicious); and C-95-2520 DLJ
7  (PR) (docket no. 3; filed July 20, 1995, dismissed as malicious/duplicative).
8  Plaintiff is now given notice that each of the above cases reviewed by this Court
9  constitutes a dismissals for purposes of § 1915(g).

10  Plaintiff's responses to the order to show cause challenge the validity of his
11  conviction and continued imprisonment, and allege a variety of wrongful conduct by
12  prison officials . His responses do not, however, address the existence of his
13  numerous prior "strike" dismissals and do not establish anything approaching
14  imminent danger of serious injury. Because plaintiff has had three or more prior
15  dismissals within the meaning of § 1915(g) and is not under imminent danger of
16  serious physical injury, this case is DISMISSED without prejudice to bringing in a
17  paid action, and the applications to proceed in forma pauperis are DENIED. In light
18  of this dismissal, the motion for a temporary restraining order, and the motions for
19  "clearance" are DENIED. Plaintiff's motion to disqualify the undersigned judge is
20  DENIED. Bias or prejudice developed as a result of what a judge learns from
21  participating in the course of current or prior proceedings is not generally grounds
22  for recusal. See Liteky v. United States, 510 U.S. 540, 555-56 (1994) (judicial
23  //
24  //

---

[1] An in forma pauperis complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under § 1915. Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995)

G:\PRO-SE\SJ.JF\CR.08\Magee3445_dism-1915g.wpd 3

1  rulings alone may constitute grounds for appeal, but not a valid basis for
2  disqualification).
3      This order terminates Docket Nos. 2, 6, 7, 9, 10, 11.
4      The Clerk shall close the file and enter judgment.
5      IT IS SO ORDERED.
6  DATED: 11/20/08
7                              JEREMY FOGEL
                                United States District Judge